IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SADRICK BEVARD JOHNSON,<br>        Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | No. 3:26-CV-093-X-BW |
| | § | |
| GREGG COUNTY DISTRICT<br>ATTORNEY'S OFFICE, | § | |
| | § | |
|         Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The undersigned magistrate judge recommends that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to prosecute and follow court orders.

## I. BACKGROUND

On January 13, 2026, Plaintiff Sadrick Bevard Johnson, proceeding pro se in this action, submitted a form complaint naming the Gregg County District Attorney's Office as the sole defendant. (Dkt. No. 3.) He stated that he sued the office for racial discrimination, denial of due process, negligent charges, civil rights violation, and conspiracy and accessory to aggravated kidnapping. (*Id.* at 4.) Johnson did not pay the filing fee for a civil action, nor did he file a motion to proceed in forma pauperis ("IFP").

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred to the undersigned magistrate judge for full case management. (*See* Dkt. No. 1.)

On January 14, the undersigned entered a Notice of Deficiency and Order instructing Johnson to either pay the $405.00 filing fees or complete and submit an application to proceed IFP within 21 days from the date of the order.  (Dkt. No. 4.) The Clerk of Court included a copy of the form IFP application with the order sent to Johnson at the address he provided when he filed this action.  (*See* Dkt. No. 4-1.)

Johnson's deadline to either pay the filing fee or submit the completed IFP application has passed, and he has done neither of these things.  Additionally, on January 27, the standard Notice and Instruction to Pro Se Party that was sent to Johnson at the address he provided was returned undelivered.  (Dkt. No. 5.) Johnson has not provided any updated address.

## II.  LEGAL STANDARDS AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order."  *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

2

Johnson's failure to pay the filing fee or submit an application to proceed IFP prevents this case from progressing beyond the initial filing of his complaint. Additionally, because Johnsons has not provided the Court with an updated address, the Court is unable to provide any additional notice to Johnson or otherwise advance this case. For these reasons, this action should be dismissed without prejudice under Fed. R. Civ. P. 41(b).

## III.  RECOMMENDATION

The Court should dismiss this case without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and follow court orders.

**SO RECOMMENDED** on February 6, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).